### GEORGE O. CARPENTER *vs.* JOSEPH HALE.

If chattels are pledged without authority by a person to whom they have been entrusted by the owner for a special purpose, the pledgee, after notice of the true ownership, and a demand by the owner, which he refuses, is liable to a subsequent purchaser of the owner's rights, in trover, after a demand by such purchaser; although he has sold the chattels since the first demand, and before the second.

ACTION OF TORT for the conversion of boot leather. The parties submitted the case to the decision of the court upon the following facts:

This property being owned by Thomas Emerson's sons, boot and shoe manufacturers, and entrusted by them to John O'Sullivan to make up into boots, for hire and reward, was by O'Sullivan pledged and delivered to the defendant as security for money lent. After the defendant had so taken the property, and while he had it in his possession, the Emersons notified him of their ownership and claimed the property ; but he desired to keep it, in order to find out the person who had pledged it, who was then unknown to him. The Emersons afterwards sold their

interest in the property to the plaintiff, who informed the defendant thereof, and demanded the property. But the defendant refused to deliver it, and had in fact sold the property, if he legally could, before this demand.

*W. L. Brown,* for the plaintiff.

*M. G. Cobb,* for the defendant. 1. The sale by the Emersons to the plaintiff passed no title; the property being in the hands of a third person claiming by adverse right, and neither actually nor constructively in the possession of the vendor, nor capable of delivery by him. 2 Kent Com. (6th ed.) 468.

2. The property had been converted by the defendant, before the alleged sale to the plaintiff, by withholding and refusing possession after the demand by the Emersons. 2 Greenl. Ev. §§ 642, 644. 3 Stark. Ev. (4th Amer. ed.) 1496.

3. The action should have been brought by the Emersons, the persons against whose legal right the tort had been committed. *Holly* v. *Huggeford,* 8 Pick. 73. *Boynton* v. *Willard,* 10 Pick. 166.

Dewey, J. It appears from the facts stated in this case that the Emersons were formerly the owners of the property, the value of which is sought to be recovered in this action, and continued to be so at the time that the same was delivered to the defendant by way of a pledge, by one who had no authority to do so. The property was reclaimed by the Emersons while in the hands of the defendant, and permitted by them, at the defendant's request, to remain in his hands for a special purpose the Emersons having the entire property, and the constructive possession. In this state of facts, a sale by the Emersons to the plaintiff would be valid and effectual to pass the property, and to authorize an action by the plaintiff against the defendant for any conversion of the property after the sale to the plaintiff.

No change having been shown by the case stated as to the character of the possession of the defendant prior to the sale to the plaintiff, and no conversion previously thereto, no necessity exists for considering what would be the effect of an exclusive adverse possession of personal property upon the right of the legal owner to sell and transfer his title to a third person.

The fact that the goods were sold by the defendant before an actual demand upon the defendant by the plaintiff does not defeat his action, if the property had previously passed to the plaintiff by a sale by the Emersons, they having the property and the constructive possession in the manner before stated.

*Judgment for the plaintiff.*